UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JESSICA MORTON                                  CIVIL ACTION NO. 12-1218

VERSUS                                          JUDGE S. MAURICE HICKS, JR.

BOSSIER PARISH SCHOOL                           MAGISTRATE JUDGE HAYES
BOARD

**MEMORANDUM RULING**

Before the Court is a Motion to Dismiss pursuant to Rule 12(b)(6) or, in the alternative, Rule 12(b)(1) of the Federal Rules of Civil Procedure filed on behalf of the Defendant, Bossier Parish School Board ("School Board") (Record Document 14). Plaintiff Jessica Mortion, individually and as the natural mother on behalf of Haley Danielle Cox, subsequently filed an Amended Complaint on August 14, 2012, (Record Document 19) and a Second Amended Complaint on September 24, 2012 (Record Document 24). This Second Amended Complaint supplemented the original complaint with additional facts and allegations to address many of the pleading issues raised in the School Board's Motion to Dismiss. The Plaintiff has also filed an opposition brief (Record Document 28). Following this Court's Minute Entry on October 10, 2012, (Record Document 27), Counsel for the School Board advised the Court via telephone that they did not wish to amend their motion or file a supplemental brief addressing any altered or new claims made in the Second Amended Complaint. Accordingly, in light of the new allegations made in the Second Amended Complaint, the Court can address the issues raised in this motion in short order.

For the reasons that follow, the School Board's motion is hereby **DENIED IN PART** and **GRANTED IN PART.**

**BACKGROUND**

This matter arises from the most tragic of circumstances. Haley Danielle Cox (hereinafter "Danielle") was a student in Bossier Parish from the age of 12 until she took her own life on May 20, 2011, at the age of 15. While it is not necessary to spell out an extensive and detailed outline of the exact circumstances leading up to Danielle's death at this stage in the proceedings, the lengthy allegations made in the Second Amended Complaint can be summarized as follows. According to the complaint, Danielle suffered from severe Type 1 diabetes in addition to other physical and mental impairments such as bipolar disorder and depression. Because of her medical conditions, Danielle was harassed and provoked by her fellow students. Sadly, it appears that this behavior only escalated after Danielle attempted suicide on January 24, 2011, which included other students encouraging Danielle to kill herself. The Plaintiff accuses the School Board of failing take action to prevent this harassment and accommodate Danielle's disabilities.

The Second Amended Complaint ultimately includes a lengthy list of tort allegations against the School Board including deliberate indifference to Danielle's disabilities and failure to address the hostile student initiated classroom environment, as well as negligent and intentional failure to accommodate Danielle's disabilities. The Plaintiff seeks damages on behalf of herself and Danielle pursuant to Louisiana Civil Code 2315.1 and 2315.2, "for violations of the Fourteenth Amendment to the Constitution of the United States pursuant to 42 U.S.C. §1983, for violations of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794a ("Section 504"), and for violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101" as amended or modified by the Individuals with Disabilities Education Act ("IDEA") 20 U.S.C. §1400 *et seq*. Record Document 24 at 2.

**LAW AND ANALYSIS**

**I.     Rule 12(b)(1)**

Motions filed pursuant to Federal Rule of Civil Procedure 12(b)(1) allow a party to challenge the subject matter jurisdiction of the district court to hear a case. See F.R.C.P. 12(b)(1). "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Ramming v. U.S., 281 F.3d 158, 161 (5th Cir.2001). The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. See id. Thus, in this matter, Plaintiff bears the burden of proof that jurisdiction does in fact exist. See id., citing Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 511 (5th Cir.1980).

Again, "[i]n examining a Rule 12(b)(1) motion, the district court is empowered to consider matters of fact which may be in dispute." Ramming, 281 F.3d at 161, citing Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir.1981). In the end, the motion should be granted only if it seems certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief. Ramming, 281 F.3d at 161, citing Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss., 143 F.3d 1006, 1010 (5th Cir.1998).

In order for a district court to have jurisdiction over a dispute, a plaintiff suing under the IDEA must first exhaust administrative remedies or alternatively show that exhaustion of the remedies is futile. 20 U.S.C.A. § 1400; 1415(i)(2)(A); 1415(1); Gardner v. Sch. Bd. Caddo Parish, 958 F.2d 108, 111 (5th Cir. 1992)(holding that "[i]t is beyond doubt that the Individuals with Disabilities Education Act provides that a plaintiff must first exhaust the

state administrative remedies before bringing an action in federal court.").[1] The School Board's Rule 12(b)(1) motion is based upon a narrow reading of the Plaintiff's original complaint in which the School Board appears to interpret all claims against it as being made pursuant to the IDEA.  As such, the School Board argues that this Court does not have jurisdiction until the Plaintiff exhausts administrative remedies as required in Gardner.  However, the Second Amended Complaint appears to be much broader in scope than simply alleging a violation of the IDEA.  While it is true that the Plaintiff does allege that the School Board failed to appropriately implement a Section 504 Accommodation Plan (which may overlap with the IDEA requirements), the Plaintiff also brings discrimination and hostile environment claims under Section 504 and ADA separate from any failure to accommodate claim.[2]  Specifically, the Plaintiff brings a private right of action for damages based on the alleged intentional discrimination and deliberate indifference towards Danielle's disability distinct from her claims made under the IDEA.  The School Board has not cited any authority requiring administrative exhaustion of claims for monetary damages stemming from general allegations of discrimination under Section 504 or the ADA when such claims are unrelated to IDEA's educational and procedural requirements.

However, to the extent that any of Plaintiff's claims do fall under the exhaustion

---

[1] The Plaintiff concedes that she has not exhausted all state administrative remedies arguing that such attempt would be futile.  Record Document 24 at 25; Record Document 28-1 at 8.

[2] 20 U.S.C. § 1415 provides that "Nothing in this chapter shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, the Americans with Disabilities Act of 1990 [42 U.S.C.A. § 12101 et seq.], title V of the Rehabilitation Act of 1973 [29 U.S.C.A. § 791 et seq.], or other Federal laws protecting the rights of children with disabilities, except that before the filing of a civil action under such laws seeking relief that is also available under this subchapter, the procedures under subsections (f) and (g) shall be exhausted to the same extent as would be required had the action been brought under this subchapter.

requirement mandated by the IDEA, such requirement does not apply in this situation.  The Plaintiff is entitled to by-pass the administrative process and seek relief in this Court.  The Supreme Court has recognized that although judicial review is not normally available until the administrative proceedings have been exhausted, "parents may by-pass the administrative process where exhaustion would be futile or inadequate." Gardner, 958 F.2d at 111-12 (citing Honig v. Doe, 484 U.S. 305, 327, 108 S.Ct. 592 (1988)).[3]  In the case at hand, Danielle is deceased, and as such, the situation creating the issue has ceased to exist.  The only remedy left to address Danielle's injuries and the conduct of the School Board is a claim of monetary damages.  The Court hereby finds that requiring the Plaintiff to pursue administrative remedies through the school district would be both futile and inadequate.  Accordingly, the requirement that Plaintiff exhaust all administrative remedies through the Bossier Parish School Board is waived by this Court.

It should be noted that neither party has cited any controlling Fifth Circuit case expounding upon the IDEA's administrative exhaustion requirement as it pertains to a deceased child.[4]   The precise issue is *res nova*.  While this issue appears to be a matter of first impression in this Circuit, the Court's holding today is supported by a common-sense analysis of the meaning of "futile" or "inadequate" in addition to a consideration of the inherent limitations of administrative remedies.  Allowing the Plaintiff to by-pass the

---

[3] It is the plaintiff's burden to demonstrate the futility or inadequacy of administrative review. See Gardner, 958 F.2d at112.

[4] Neither party has thoroughly briefed this administrative exhaustion requirement.  Of the approximately 30 pages of briefs submitted by the parties, less than 2 pages have been devoted to this issue.  While the Plaintiff cites a federal district court decision in Pennsylvania and dicta from the Third Circuit Court of Appeals, neither party has cited any Fifth Circuit case in which that Court has decided whether death or claims for purely monetary damages based on past behavior render the prescribed administrative proceedings futile or inadequate.

exhaustion requirement in this case is also supported by holdings in other circuits dealing with cases in which either the child is deceased or the plaintiff sought purely retrospective monetary damages that were unavailable through the administrative process.[5] See Taylor v. Altoona Area Sch. Dist., 737 F. Supp. 2d 474, 482 (W.D. Pa. 2010)(permitting the exhaustion requirement to be waived ... such as where the parents of a deceased child seek damages for a school board's failure to provide IDEA services while the child was still alive in accordance with the narrow exception found in W.B. v. Matula, 67 F.3d 484, 489 (3d Cir. 1995) abrogated in part on other grounds by A.W. v. Jersey City Pub. Sch., 486 F.3d 791 (3d Cir. 2007).

Since Danielle is deceased, the Court is not usurping from the School District any opportunity to address Danielle's educational needs by excusing exhaustion of administrative procedures in this case. The School Board cannot now craft an administrative remedy to alleviate the alleged education deficiencies that Danielle may

---

[5]The Court agrees with the reasoning in Covington v. Knox County Sch. Sys., 205 F.3d 912, 917-18 (6th Cir. 2000)(holding that the unique circumstances of the case combined with the mere claim for money damages render proceedings through the state's administrative remedies futile. Covington's holding was based on the following analysis: "[A]s one court has stated, "[a]lthough exhaustion cannot be waived whenever a plaintiff seeks monetary damages rather than relief that is available under the administrative scheme, where there is no administrative remedy for a wrong that the plaintiff has suffered, exhaustion is futile and may be waived." Plasencia v. California, 29 F.Supp.2d 1145, 1150 (C.D.Cal.1998) (citing W.B. v. Matula, 67 F.3d 484 (3d Cir.1995)). See also Matula, 67 F.3d at 495–96 (holding that exhaustion is not required for plaintiffs seeking money damages, because damages are unavailable through the administrative process, and because all other relief available to the plaintiffs under the IDEA had already been provided through a settlement agreement). Similarly, the United States Court of Appeals for the Ninth Circuit recently held in Witte v. Clark County School District, 197 F.3d 1271 (9th Cir.1999), that the plaintiff, who was seeking monetary damages for physical and verbal abuse by special education school officials, was not required to exhaust formal administrative remedies, because the parties had already informally agreed to provide the injured child with all "remedies that are available under the IDEA," see id. at 1276. Furthermore, the Witte court noted that the relief sought for the plaintiff's injuries was "retrospective only" and that the relief available under the IDEA was not well-suited to remedying past instances of physical injury. Covington v. Knox County Sch. Sys., 205 F.3d 912, 917-18.

have experienced prior to her death. Accordingly, to the extent that the Plaintiff may bring claims under the IDEA, the Court hereby finds that this Court has jurisdiction pursuant to the exception outlined in Honig v. Doe, 484 U.S. 305, 108 S.Ct. 592.[6]

## II.     Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) allows for dismissal of an action "for failure to state a claim upon which relief can be granted." While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations in order to avoid dismissal, the plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964–65 (2007); see also Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir.2007). A plaintiff's obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. The Supreme Court expounded on the Twombly standard, explaining that a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face. See Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In evaluating a motion to dismiss, the Court must construe the complaint liberally and accept all of the plaintiff's factual allegations in the complaint as true. See In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir.2009).

---

[6]The Court remains concerned over the issue of damages with respect to any claims made under the IDEA. However, the Court refrains from considering this issue until it has been fully developed factually and briefed by the parties.

**A. Claims Pursuant to 42 U.S.C. §1983.**

Plaintiff's Second Amended Complaint contains the following pleading:

> As the natural mother of Haley Danielle Cox, Plaintiff seeks damages...for violations of the Fourteenth Amendment to the Constitution of the United States pursuant to 42 U.S.C. § 1983...

Record Document 24 at 2. However, footnote 1 of the Plaintiff's opposition to Defendant's Motion to Dismiss stated that the "Second Amended Complaint withdraws Plaintiff's earlier claims under 42 U.S.C. §1983." Record Document 28-1 at 5. As such, there appears to be an ambiguity in the pleadings. The Second Amended Complaint does, in fact, include a claim under Section 1983, while the Plaintiff's subsequent pleading states that no Section 1983 claim is being made. In any event, based on the Plaintiff's withdrawal of her Section 1983 claims, the School Board's Motion to Dismiss all claims brought under 42 U.S.C. §1983 is hereby **GRANTED**.[7]

**B. Claims Pursuant to Section 504 of the Rehabilitation Act and the ADA**

The School Board's Motion to Dismiss for failure to state a claim makes two arguments with respect to Plaintiff's Rehabilitation Act and the ADA claims found in the original complaint: (1) the Plaintiff makes no allegations sufficient to support the claim that Danielle was a child with a disability, and (2) the Plaintiff has not provided sufficient facts to support the allegation that the School Board intentionally discriminated against Danielle based on a disability. The Plaintiff has clearly bolstered the record in her Second Amended

---

[7]Even if the Section 1983 claims had not been withdrawn, the Fifth Circuit has repeatedly held that an "Appellant cannot pursue [their] ADA and § 504 claims through § 1983." D.A. ex rel. Latasha A. v. Houston Indep. Sch. Dist., 629 F.3d 450, 457 (5th Cir. 2010). See also Lollar v. Baker, 196 F.3d 603 (5th Cir. 1999).

Complaint with respect to both issues raised by the School Board.  Assuming all material facts contained in the Plaintiff's Second Amended Complaint are true, the Plaintiff has now included detailed factual allegations sufficient to support the claim that Danielle was a child with a disability as defined by the relevant federal statutes.  Additionally, the Plaintiff has now pled sufficient facts at this stage in the litigation to support the allegations that School Board had knowledge of Danielle's disability and the harassment she received on a regular bases yet acted with deliberate indifference.

**III.    State Law Claims**

The School Board's Motion to Dismiss urges this Court to remand all state law claims to state court in the event that Plaintiff's federal claims are dismissed.  Because the Plaintiff's claims are still pending, this Court declines to remand any state law claim at this time.  The state law claims, made by the Plaintiff pursuant to Louisiana Civil Code 2315.1 and 2315.2, are properly before this Court in accordance with 28 U.S.C. § 1367 supplemental jurisdiction.

**CONCLUSION**

Based on the foregoing analysis, the Court finds that as a matter of law, IDEA's administrative exhaustion requirement does not divest this Court of jurisdiction.  The Plaintiff has alleged sufficient facts to support a claim of discrimination under Section 504 and the ADA independent of the claim made under the IDEA.  To the extent that Plaintiff's claims fall under the IDEA, the Plaintiff is entitled to by-pass the exhaustion requirement based the death of Danielle and the nature of the claim.

Additionally, the Second Amended Complaint has plead sufficient facts to support the allegations that Danielle was a student with a qualifying disability and that the School

Board acted with deliberate indifference towards Danielle's educational needs and the hostile environment created by other students. However, all claims in the Second Amended Complaint made pursuant to Section 1983 are hereby **DISMISSED** based on Plaintiff's withdrawal of said claim in her opposition to the Motion of Summary Judgment.

Accordingly, **IT IS ORDERED THAT** the foregoing motion (Record Document 14) be and is hereby **DENIED IN PART** and **GRANTED IN PART .**

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 26th day of February, 2013.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE