UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | | |
|---|---|---|
| JESSICA MORTON | * | CIVIL ACTION NO.  12-1218 |
| VERSUS | * | MAG. JUDGE KAREN L. HAYES |
| BOSSIER PARISH SCHOOL BOARD | * | |

## MEMORANDUM ORDER

Before the court is a motion to compel and associated request for fees, costs, and/or expenses [doc. # 47] filed by plaintiff Jessica Morton.  For reasons assigned below, the motion is GRANTED IN PART and DENIED IN PART.

### Background

On May 20, 2011, 15-year old Haley Danielle Cox took her own life.  Cox suffered from severe Type 1 diabetes in addition to other physical and mental impairments, including bipolar disorder and depression.  Prior to her death, Cox's classmates harassed and preyed upon her because of her medical conditions.

On May 11, 2012, Jessica Morton, individually, and as natural mother of her deceased daughter, Haley Danielle Cox, filed the instant suit against the Bossier Parish School Board ("BPSB").  Morton accuses the BPSB of failing to take action to prevent the harassment against Cox and for failing to accommodate her disabilities.  In her second amended complaint, Morton documented a lengthy list of tort allegations against the BPSB including deliberate indifference to Cox's disabilities, and the negligent and intentional failure to accommodate same, plus the failure to address the hostile, student-initiated classroom environment.  Morton seeks damages pursuant to Louisiana Civil Code Articles 2315.1 and 2315.2; 42 U.S.C. § 1983 for violations of

the Fourteenth Amendment to the Constitution of the United States; Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794a; and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 as amended or modified by the Individuals with Disabilities Education Act ("IDEA") 20 U.S.C. § 1400 *et seq*.  (2nd Amend. Amend. Compl. [doc. # 24]).[1]

On March 31, 2014, Morton filed the instant motion to compel responses to certain interrogatories and requests for production of documents.  The motion raises three issues:  1) whether the BPSB waived its right to object to the discovery because it did not submit timely responses; 2) whether the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232(g), precludes Morton from obtaining student information contained in school records absent a court order; and 3) whether the School Employee Personnel Files Act ("SEPFA"), La. R.S. § 17:1231, *et seq*., protects disclosure of school employee records absent court order.  *See* Pl. Reply Memo., pg. 1.

On April 25, 2014, the BPSB filed its response to the motion to compel.  [doc. # 50].  It represented that it had not withheld any responses or documents pursuant to the discovery requests to which plaintiff sought to have any objection deemed waived.  In addition, the BPSB did not contest that plaintiff was entitled to discover information protected by FERPA or SEPFA; instead, it simply maintained that plaintiff first needed to obtain a court order.

On May 5, 2014, Morton filed her reply memorandum in which she agreed to withdraw her motion insofar as it sought to deem certain objections waived as untimely.  However, she maintained her request for an order requiring the BPSB to answer the discovery requests that are subject to FERPA or SEPFA.  The matter is now ripe; the court will address each issue, in turn.

---

[1] On February 26, 2013, the District Court dismissed plaintiff's § 1983 claim pursuant to her withdrawal of the claim.  (Feb. 26, 2013, Mem. Ruling & Order [doc. #s 34 & 35]).

## Analysis

**I.     Discovery Principles**

Rule 33 provided that a party may serve an interrogatory on another party that relates to any matter that may be inquired into under Rule 26(b).  Fed.R.Civ.P. 33(a).  Likewise, Rule 34 dictates that "a party may serve on any other party a request within the scope of Rule 26(b) . . . to produce . . . any designated documents . . . or any tangible things" that are within the "party's possession, custody, or control . . ." Fed.R.Civ.P. 34(a)(1).

> Under Rule 26(b),
>
> [u]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence . . .

Fed.R.Civ.P. 26(b)(1).

The courts understand the rule to provide for broad and liberal discovery.  *See Schlagenhauf v. Holder*, 379 U.S. 104, 114-5 (1964); *Hickman v. Taylor*, 329 U.S. 495, 507, 67 S.Ct. 385 (1947). Nonetheless, the scope of discovery is limited by relevance, albeit "relevance" is to be broadly construed.  *Wyatt v. Kaplan*, 686 F.2d 276, 284 (5th Cir. 1982).  Ultimately, the relevance inquiry ends where it starts; i.e., the relevancy of a discovery request depends upon whether it is "reasonably calculated" to lead to admissible evidence.  *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 820 (5th Cir. 2004).  A party objecting to discovery "must state with specificity the objection and how it relates to the particular request being opposed, and not merely that it is

'overly broad and burdensome' or 'oppressive' or 'vexatious' or 'not reasonably calculated to lead to the discovery of admissible evidence.'" *Reyes v. Red Gold, Inc.* 2006 WL 2729412 (S.D. Tex. Sept. 25, 2006). Pursuant to Rule 26(c), upon a showing of good cause, a court may issue an order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . ." Fed.R.Civ.P. 26(c).

Rule 37 provides that "[o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." FED. R. CIV. P. 37(a)(1). An evasive or incomplete disclosure, answer, or response is treated as a failure to disclose, answer, or respond. Fed.R.Civ.P. 37(a)(4).

## II.  FERPA

Plaintiff seeks to compel responses to the following discovery requests to which the BPSB objected on the basis of FERPA,

> **Interrogatory No. 6:**
> Describe in detail any and all instances wherein you disciplined a student as a result of his or her interaction with Haley Danielle Cox.
>
> **Interrogatory No. 7:**
> Identify and describe any and all actions taken by you to prevent interaction or contact between Haley Danielle Cox and Jason Thomas while at Parkway High School.
>
> **Interrogatory No. 9:**
> Describe in detail any and all disciplinary action taken by you against Jason Thomas relating to his alleged interactions with Haley Danielle Cox.
>
> **Interrogatory No. 10:**
> Identify, including last known address, phone number and classes shared with Cox, every student in Haley Danielle's Cox's classes during the 2009-2010 and 2010-2011 school years.
>
> **Request for Production No. 12:**
> All documents relating to the disciplinary history of Jason Thomas.

**Interrogatory No. 17:**
Please provide the last known address and phone number for Taylor Shaffner.

**Interrogatory No. 18:**
Please provide the last known address and phone number for Taylor Irwin.

In addition to its FERPA-inspired objections, the BPSB objected to Interrogatory No. 10 and Request for Production No. 12.  As to the former, the BPSB argued that the interrogatory was irrelevant, overly broad, and/or burdensome.  In her reply memorandum, however, plaintiff agreed to limit Interrogatory No. 10 to only those students who were in Tracy Jenkins' class with Haley Danielle Cox during the 2010-2011 school year.  The court finds that Interrogatory No. 10 seeks information that is relevant to the instant litigation; the students may have firsthand insight into what transpired in the classroom.  In addition, plaintiff has limited the scope of the request.  Accordingly, defendant's objections to Interrogatory No. 10 (other than its FERPA objection, which is addressed below) are overruled.

The BPSB further argued that Request for Production No. 12 seeks information that is irrelevant.  The court disagrees.  Thomas's entire disciplinary history is relevant to what the BPSB knew about Thomas, including whether he had a history of similar behavior.  Thomas's disciplinary history provides context for the action taken (or not taken) by the BPSB after Thomas purportedly encouraged Cox's suicide.  The BPSB's objection is overruled.

Turning to the BPSB's FERPA objection, the court observes that under FERPA the Department of Education may deny federal funding to a school system that does not comply with its provisions.  20 U.S.C. § 1232g.  One such provision is that students' personal information may not be released without parental consent.  *Id.* § 1232g(b)(1).  However, "[b]y its plain terms, FERPA does not create an evidentiary privilege . . . [and] documents covered by FERPA are

indeed discoverable in the context of a civil action." *Garza v. Scott and White Mem'l Hosp.*, 234 F.R.D. 617, 624 (W.D. Tex. 2005) (citing *Ellis v. Cleveland Mun. Sch. Dist.*, 309 F. Supp. 2d 1019, 1023-24 (N.D. Ohio 2004); *see also Bauer v. Kincaid*, 759 F. Supp. 575, 589 (W.D. Mo. 1991) (FERPA does not prohibit disclosure of educational records; it imposes a penalty for the disclosure of educational records); *Rios v. Read*, 73 F.R.D. 589, 598 (D.C. N.Y. 1977) (FERPA did not intend to create a school-student privilege analogous to a doctor-patient or attorney-client privilege). In addition, the regulations provide that an educational agency or institution may disclose personally identifiable information[2] from an education record of a student without consent if the disclosure is made to comply with a judicial order. 34 C.F.R. § 99.31(a)(9)(i). Nonetheless, "the party seeking disclosure is required to demonstrate a genuine need for the information that outweighs the privacy interest of the students" *Rios, supra*, 73 F.R.D. at 599.

Here, the court finds that Morton has established a genuine need for the requested information. As Morton alluded to, the discovery at issue seeks to uncover prospective witnesses, to discern what the BPSB knew about Cox's harassment, and whether, or what it did to stop it. These purposes constitute legitimate avenues of discovery sufficient to trump FERPA. *See Maxey v. Sioux City Cmty. Sch. Dist.*, Civil Action No. 08-4007, 2009 WL 35171 (N.D. Iowa Jan. 6, 2009) (information sought is necessary to learn the identity of potential witnesses to the incident); *Doe v. Galster*, Civ. Action No. 09-1089, 2011 WL 2784159 (E.D. Wis. July 14, 2011) (plaintiff's claims require her to establish what the defendants knew about the abuse she suffered, when they knew about it, what they did to stop it).

The court cautions, however, that when, as here, an educational agency discloses

---

[2] "Personally identifiable information" includes a student's name. 34 C.F.R. § 99.3.

personally identifiable information from a student's education record without obtaining prior written consent from the student's parents, and instead, discloses the information pursuant to court order or subpoena, then the agency must make a "reasonable effort to notify the parent or eligible student of the order or subpoena *in advance of compliance*, so that the parent or eligible student may seek protective action . . . ." 34 C.F.R. § 99.31(a)(9)(i)-(ii) (emphasis added).[3]

In addition, "[a]n educational agency or institution may disclose personally identifiable information from an education record only on the condition that the party to whom the information is disclosed will not disclose the information to any other party without the prior consent of the parent or eligible student." 34 C.F.R. § 99.33(a)(1).

Accordingly, within 14 days after complying with the notice and confidentiality requirements set forth below, the BPSB shall provide plaintiff with complete responses to Interrogatories Nos. 6, 7, 9, 10 (as modified), 17, & 18, and Request for Production No. 12. Before disclosing the discovery responses, however, the BPSB first shall make a reasonable effort to notify the parents or eligible students of the court's order, and await 14 days for them to seek protective action, if they so desire. In addition, prior to disclosure, Morton and the BPSB shall agree upon and submit a protective/confidentiality order to govern disclosure of the personally identifiable information.

### III. SEPFA

Plaintiff's motion also seeks an order compelling the BPSB to respond to the following

---

[3] "An educational agency or institution must use reasonable methods to identify and authenticate the identity of parents, students, school officials, and any other parties to whom the agency or institution discloses personally identifiable information from education records." 34 C.F.R. § 99.31(c).

interrogatories,

> **Interrogatory No. 2:**
> Identify, including last known address, phone number, class taught, and whether still employed by you, each of Haley Danielle Cox's teachers at Parkway High School during the 2010-2011 school year.
>
> **Interrogatory No. 11:**
> Identify all Parkway High School staff who were authorized to separate or discipline students during the 2009-2010 and 2010-2011 school years.

The BPSB interposed objections to these interrogatories pursuant to SEPFA. Nonetheless, the BPSB fully responded to Interrogatory No. 11. *See* Pl. M/Compel, Exh. B. Furthermore, in response to Interrogatory No. 2, the BPSB identified Cox's teachers, the classes they taught, and whether they still were employed by the BPSB. *Id.*

In her brief, plaintiff conceded that she did not need contact information for those teachers who are still employed by the BPSB so long as they can be contacted through the BPSB. She maintained that she only needs contact information for those teachers who no longer are employed by the BPSB. According to BPSB's Answer to Interrogatory No. 2, only two teachers satisfy that criterion: April Dunn and Joseph Gallucci.

The SEPFA provides, in pertinent part, that

> [t]he contents of a school employee's personnel file shall not be divulged to third parties absent the express written consent of the school employee, except when ordered by a court or by subpoena, and no school system employee other than the personnel file custodian or the superintendent of schools for the system, or the designee of either who shall be a school system employee shall be allowed access to a school employee's personnel file without the school employee's express written consent, unless that employee is charged with the duty of supervising that particular school employee's performance. In the case that a personnel file should be accessed by the superintendent or someone designated by him, the employee whose file was so accessed shall receive written notice of the fact and the name and title of the person who was permitted access. All persons permitted access under this Section shall maintain the confidentiality of those documents in the file

which are not matters of public record.
La. R.S. § 17:1237(A).

Accordingly, within fourteen days after complying with the advance written notice requirement, *and* entry of an appropriate protective/confidentiality order, the BPSB shall supplement its response to Interrogatory No. 2 by providing last known contact information for April Dunn and Joseph Gallucci.  Plaintiff's motion to compel responses to Interrogatories Nos. 2 and 11 otherwise is denied.

## IV.     Fees, Costs, and/or Expenses

The court generally must award reasonable expenses to the prevailing party on a motion to compel.  Fed.R.Civ.P. 37(a)(5)(A).  The rule authorizes exceptions, however, for non-disclosures and responses that were substantially justified, or other circumstances that make an award unjust.  *Id*.  The rule further precludes an award for reasonable expenses when the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action.  *Id*.  Moreover, when, as here, a motion to compel is granted in part and denied in part, the court *may* apportion the reasonable expenses associated with the motion.  Fed.R.Civ.P. 37(a)(5)(C).

Because of the mixed relief obtained by movant, the court is not inclined to award costs, expenses, and/or fees in this instance.  Indeed, had both sides expanded a little more effort it is likely that they could have forged a common path through these largely uncontested issues.

## Conclusion

For the above-assigned reasons,

IT IS ORDERED that the motion to compel discovery [doc. # 47] filed by Plaintiff

Jessica Morton is **GRANTED IN PART** only to the extent specified in the body of the decision.

IT IS FURTHER ORDERED that the motion [doc. # 47], including the request for fees, expenses, and/or costs, otherwise is **DENIED**.

In Chambers, at Monroe, Louisiana, this 6th day of May 2014.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE